TIMOTHY M. BURGESS
United States Attorney

ANDREA STEWARD
ROBERT S. ANDERSON
Environment and Natural Resources Division
United States Department of Justice
PO Box 23985
L'enfant Plaza Station
Washington, DC 20026-3985
Phone: 202-305-0321

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:05-cr-077-JWS |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| vs. ) | |
| ) | |
| CLINT ZERBE MILLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# I. INTRODUCTION

### A. *Summary.*

This brief introduction sets forth a summary of the terms of the Plea Agreement between CLINT ZERBE MILLER, the defendant, and the United States. This summary is not intended to supersede the language that follows this subsection.

The defendant is presently named as a defendant in Counts 3 and 4 of the Indictment in this case, each of which charges him with a felony violation of the trafficking provisions of the Lacey Act. The government will seek to dismiss him from these two charges and he will plead guilty to two misdemeanor Lacey Act trafficking violations, to be charged by Information. In this plea agreement, which is not binding on the Court, the parties agree to jointly recommend five years of probation with four months home confinement and special conditions including restrictions on the defendant's hunting and guiding privileges.

### B. *Complete Agreement.*

This document contains the complete plea agreement between the United States and the defendant, CLINT ZERBE MILLER. No other agreement, understanding, promise, or condition exists between these two parties. The

defendant understands this agreement is limited to the District of Alaska and does not bind other federal, state or local prosecuting authorities.

The defendant and his counsel understand this Plea Agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the Court has accepted the defendant's guilty plea.

### C.    *Federal Rules of Criminal Procedure.*

The parties expressly agree that this Plea Agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement if the Court deviates from the joint sentencing recommendations of the United States and defense counsel. Neither the defendant nor the Court is bound by any sentencing estimates set forth herein.

The parties agree that if the defendant's guilty plea is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

D.    *United States Sentencing Guidelines.*

This case arises out of conduct occurring after November 1, 1987 and as such is subject to calculation of an advisory sentence pursuant to the United States Sentencing Commission Guidelines (U.S.S.G.).

E.    *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case against the defendant, the parties waive any claims for the award of attorney's fees and costs.

II.    **WHAT THE DEFENDANT AGREES TO DO**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of, or failure to fulfill, the obligations and stipulations set forth in this document will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A. *Charges.*

The defendant is charged in Counts 3 and 4 of the Indictment with aiding and abetting the interstate sale of wildlife that was taken, possessed, transported or sold in violation of Alaska law, in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B) and Title 18, United States Code, Section 2. The defendant will be charged by Information with two lesser-included misdemeanor violations of the Lacey Act. Pursuant to this written agreement, the government agrees to dismiss the defendant from Counts 3 and 4 of the Indictment. The defendant agrees to plead guilty to, and to freely and openly acknowledge his responsibility for, the acts and omissions constituting the factual basis for his plea of guilty to Counts 1 and 2 of the Information to be filed in this case.

### B. *Agreements on Departures.*

Unless specifically set forth in this plea agreement, the defendant agrees that he will not seek any downward departures (horizontal or vertical) under the U.S.S.G. or any other authority.

### C. *Restitution, Fine, Special Assessment, Probation.*

The parties agree to jointly recommend the sentence set forth in Paragraph V.B, below.

### D.  *Waivers of appellate and collateral attack rights.*

The defendant understands that his plea of guilty includes and constitutes a waiver of the right to appeal the conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, in the event the Court accepts this plea agreement and imposes a sentence within its parameters, the defendant will knowingly and voluntarily waive any right to appeal the sentence, including any conditions of release, imposed under the provisions of 18 U.S.C. § 3742. Furthermore, the defendant also knowingly and voluntarily agrees to waive any right to collaterally attack the conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the Court imposes sentence; and 2) a challenge to the voluntariness of the guilty plea. The defendant agrees that if the guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute defendant on all charges arising out of the underlying investigation for which there is probable cause.

E. *Waiver of Right to Jury Trial on Sentencing Factors.*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the Information, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose a sentence in accordance with the terms of this Plea Agreement.

III. **WHAT THE GOVERNMENT AGREES TO DO**

A. *Dismissal of Defendant From The Indictment.*

In exchange for the defendant's guilty pleas to Counts 1 and 2 of the Information, the United States agrees to dismiss him as a defendant in Counts 3 and 4 of the Indictment.

B. *Government's Sentencing Recommendation.*

In exchange for the defendant's guilty pleas to Counts 1 and 2 of the Information, and his stipulations herein, the United States agrees to recommend the sentence described in Paragraph V.B, below. However, if either of the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

## IV. ADVISEMENT OF MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE

### A. *Maximum Penalties.*

The maximum statutory penalties facing an individual defendant who violates the Lacey Act's Class A misdemeanor trafficking provisions, Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(2), are, for each count: (1) a term of imprisonment of one year; (2) a fine up to $100,000.00; (3) probation of up to five years (18 U.S.C. § 3561(c)(2); (4) a term of supervised release of not more than one year (18 U.S.C. § 3583(b)(3); and (5) a special assessment of $25.00.

### B. *Costs of Imprisonment.*

Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

### C. *Interest.*

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

### D. *Supervised Release.*

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

**E.    *Restitution.***

The Court may order that the defendant pay restitution as a condition of probation (18 U.S.C. § 3563(b)(2)) or supervised release, (18 U.S.C. § 3583(d)).

**F.    *Payments.***

All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.    ADVISORY GUIDELINE APPLICATIONS AND SENTENCING AGREEMENTS

**A.    *Advisory Guideline Calculation.***

### Counts 1 and 2 (grouped):

Base Offense Level (2Q2.1) ................................. 6

Commercial Purpose (2Q2.1(b)(1)) ........................... +2

Wildlife Value $5,000-$10,000 (2Q2.1(b)(3)((A)(I), 2B1.1(b)(1)(B)) ... +2

Acceptance of Responsibility ................................. -2

Minor Role (3B1.2(b)) ...................................... -2

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Criminal History Category (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . III

Advisory Sentencing Range (Zone B) . . . . . . . . . . . . . . . . . . . . 2-8 months

**B.**   ***Joint Sentencing Recommendation***

At sentencing of this case, the parties agree to make the following joint sentencing recommendation:

(1)   Guidelines Calculation: the parties agree to recommend that the guidelines calculation set forth above is appropriate and should be adopted by the court.

(2)   Acceptance of Responsibility: the United States agrees that if the defendant clearly demonstrates acceptance of responsibility for his offense conduct, then the government will recommend a 2-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make such a recommendation or, if one has already been made, it will withdraw the recommendation.

(3)   Fine: the parties agree that the defendant does not have the ability to pay a fine, and is unlikely to become able to pay any fine.

(4) <u>Probation, Home Confinement and Special Conditions Thereof</u>: the parties will jointly recommend that the defendant be placed on probation for a period of five years, with the following special conditions imposed in addition to the standard conditions:

(I) Home confinement for a period of four months:

(ii) During the period of probation, the defendant shall be prohibited from hunting and trapping anywhere in the United States, as well as accompanying anyone hunting or trapping, anywhere in the United States.

(iii) During the period of probation, the defendant shall be prohibited from guiding or outfitting hunters or anglers anywhere in the United States, or assisting in the guiding or outfitting of hunters of anglers.

(5) <u>Restitution</u>: the parties agree that the defendant owes no restitution in this case.

(6) <u>Special Assessment</u>: the parties agree that, at sentencing, pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), the defendant will pay the special assessment fee of $50.00.

**C.　*Ultimate Sentence Left to Discretion of the Court.***

The defendant fully understands that the Court has total discretion to determine the ultimate sentence and that the defendant will not be permitted to

withdraw his plea or appeal his sentence if the Court deviates from sentencing estimates or recommendations made by either the United States or defense counsel.

## VI. ELEMENTS OF THE OFFENSES

The parties agree that each Lacey Act misdemeanor charge set forth in Counts 1 and 2 of the Information has the following elements:

*First,* The wildlife described in the Count was taken (killed, captured or collected), possessed or sold in violation on of Alaska state law;

*Second,* In the exercise of due care, the defendant should have known the wildlife was taken, possessed or sold in violation of some law; and

*Third,* The defendant, as a principal or as an aider/abettor, sold or transported the wildlife in interstate commerce between Alaska and Washington.

## VII. FACTUAL BASIS FOR THE PLEAS

The defendant acknowledges the truth of, and stipulates to, the following facts:

In the Fall of 2000, and again in the Fall of 2001, the defendant assisted his father, JAMES DAVID MILLER, in guiding and outfitting out-of-state moose

hunters in Alaska, by providing equipment (tents, food and other camping gear) and assistance (directing the hunters to game, skinning and packing of wildlife, cooking) to the hunters in exchange for money. The hunters each paid over $2,000 to the defendant's father for these hunts and often paid tips directly to the defendant, who was usually present in the field with the hunters. During this period, neither the defendant nor his father possessed an Alaska Registered Guide authorizing them to book big game hunts or to provide the guide and/or outfitting services they provided, as required by Alaska state law. The defendant and his father also occasionally used radios and other communication to locate game animals from the air and direct hunters to those animals, in violation of Alaska state law. Wildlife killed during these hunts was transported by the defendant and his father from the field to a place from which it could be sent out of Alaska to the hunters' home states.

## VIII.  ADEQUACY OF THE AGREEMENT

Pursuant to CR 11.2(d)(9), this plea agreement is appropriate in that it contemplates a sentence in accord with the applicable advisory guideline range and statutory requirements. The sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

### IX. DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT

I, CLINT ZERBE MILLER, being of sound mind and under no compulsion, threats or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my understanding of this plea agreement as follows:

A. I wish to enter pleas of guilty to Counts 1 and 2 of the Information;

B. My attorney has explained the charges to which I am pleading guilty, the necessary elements, and the consequences of my pleas;

C. I am admitting that the allegations against me in Counts 1 and 2 of the Information and the factual basis for my plea are true;

D. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issue of my guilt;

-- The right to object to the composition of the petit jury;

--    The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

--    The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel represent me during the sentencing phase of my case;

--    The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

--    The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

--    The right to contest the validity of any searches conducted on my property or person.

E.    I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my convictions and sentence. Knowing this, I voluntarily waive my right to appeal my convictions. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case as long as the Court imposes a sentence within the parameters of this agreement. Furthermore, I knowingly and voluntarily waive my right to

collaterally attack any aspect of my convictions or sentence, except for a challenge based upon ineffective assistance of counsel--based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence--which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges. He has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement.

F.　　I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about theses offenses. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the Court might impose are only estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case.

I. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

J. This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I

breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.  I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a pleas of guilty to a two Class A misdemeanor violations of the Lacey Act, each one a violation of Title 16, United States Code, Sections 3372(a)(2)(A), (d)(2).

DATED: 1/11/06

_____
CLINT ZERBE MILLER
Defendant

As Counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charges to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his pleas. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering pleas of guilty. I know of no reason to question his competency to make these decisions.
If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter pleas of guilty, I will immediately inform the Court.

DATED: 1/13/06

_____
RICH CURTNER
Attorney for CLINT ZERBE MILLER

On behalf of the United States, the following accept CLINT ZERBE MILLER's offer to plead guilty under the terms of this Plea Agreement.

DATED: Jan. 17, 2006

_____ (for)
ROBERT S. ANDERSON
Special Assistant U.S. Attorney
Environmental Natural Resource Division
United States Department of Justice

DATED: Jan. 17, 2006

_____
JAMES A. GOEKE
Assistant U.S. Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.goeke@usdoj.gov

DATED: January 17, 2006

_____
TIMOTHY M. BURGESS
United States Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: tim.burgess@usdoj.gov