DEBORAH M. SMITH
Acting United States Attorney

ANDREA T. STEWARD
ROBERT S. ANDERSON
Environment and Natural Resources Division
United States Department of Justice
PO Box 23985
L'enfant Plaza Station
Washington, DC 20026-3985
Phone: 202-305-0321

JAMES A. GOEKE
First Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: james.goeke@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-077-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING MEMO** |
| vs. | ) | |
| | ) | |
| CLINT ZERBE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the

undersigned Assistant U.S. Attorney, and submits this Sentencing Memorandum:

## SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF PROBATION** . . . . . . . . . . . . . . . . . . . . . . . .   **3 YEARS**

**HOME CONFINEMENT (special condition of prob)** . **2 MONTHS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . **$25.00**

I.   BACKGROUND

The United States Probation Office has prepared a Presentence Investigation Report ("PSR") in this case. The United States agrees with the factual findings of the PSR.

   A.   <u>Instant Offense.</u>

There is a plea agreement in this case. Pursuant to the plea agreement, the defendant pled guilty to Count One of an Information charging him with a violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(2). Through the plea agreement, the defendant agreed to the following factual basis to support his conviction for Count One:

In the Fall of 2000, the defendant assisted his father, JAMES DAVID MILLER, in guiding and outfitting out-of-state moose hunters in Alaska, by providing equipment (tents, food and other camping gear) and assistance (directing the hunters to game, skinning and packing of wildlife, cooking) to the hunters in

exchange for money. The hunters each paid over $2,000 to the defendant's father for these hunts and paid tips directly to the defendant, who was present in the field with the hunters. During this period, neither the defendant nor his father possessed an Alaska Registered Guide license authorizing them to book big game hunts or to provide the guide and/or outfitting services they provided, as required by Alaska state law. Wildlife killed during these hunts was transported by the defendant and his father from the field to a place from which it could be sent out of Alaska to the hunters' home states. Plea Agreement, pp. 18–19.

### B. Defendant's Criminal History.

The defendant's criminal history, as calculated by the PSR, consists of a conviction for driving while intoxicated and theft as well as a citation for snagging fish. PSR, ¶¶ 56–58. The defendant was on probation for driving while intoxicated at the time of the instant federal offense and receives an additional two criminal history points as a result. PSR, ¶57. A supplement to the PSR has been issued by the Probation Officer to reflect the defendant's resulting criminal history score of III. This change does not effect the defendant's guideline range.

## II. SENTENCING CALCULATION AND RECOMMENDATION

### A. Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is one year in

prison, a $100,000 fine, three years of supervised release, and a $25 mandatory special assessment.

### B. Sentencing Guidelines Calculation.

The United States agrees with the calculations in the PSR that the defendant's ultimate adjusted offense level is 4. The defendant's criminal history category is III because he was on probation during the instant offense and a supplement to the PSR has been issued to reflect that change, but that does not change the sentencing range. Accordingly, the defendant faces a sentencing range of zero to six months imprisonment. Id., ¶ 99. The United States recommends a sentence of three years probation with the following conditions: 1) two months home confinement; 2) a prohibition on hunting and trapping as well as a prohibition on accompanying anyone hunting or trapping, anywhere in the United States; and 3) a prohibition on guiding or outfitting hunters or anglers, or assisting in the guiding of hunters or anglers anywhere in the United States, and a $25 special assessment. The parties have agreed that the defendant does not have the ability to pay a fine. Importantly, the United States' sentencing recommendation is explicitly conditioned on the defendant's apparent acceptance of responsibility for his criminal conduct.

**III.    APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS**

In addition to the Guidelines, the following sentencing factors set forth in 18 U.S.C. § 3553(a) apply:  (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a)(1) through (7).  Each sentencing factor is addressed in turn:

  **A.    <u>Nature and Circumstances of Offense and the History and Characteristics of the Defendant.</u>**

The nature and circumstances of the defendant's offense and the defendant's history and characteristics support imposition of three years probation with two months home confinement.  The nature and circumstances of the offense are detailed in the Plea Agreement, in the discussion above, and in the PSR.  The defendant's criminal history and characteristics are also detailed in the PSR and similarly support imposition of a sentence of three years probation with two

months home confinement.

**B.      Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.**

The need to appropriately reflect the seriousness the defendant's offense, afford appropriate deterrence, protect the public, and afford the defendant appropriate rehabilitation similarly dictate that a sentence of three years probation and two months home confinement is appropriate. The nature of the defendant's criminal acts and the remote location where they took place make this kind of crime particularly difficult to detect. The sentence recommended here, two months home detention as a special condition of a three-year term of probation, will deter the defendant, as well as the public, from committing similar crimes.

**C.      Kinds of Sentences Available.**

For a misdemeanor, the authorized term of probation is not more than five years. Because the defendant's adjusted offense level of 4 comes within Zone A of the Guideline Sentencing Table, a sentence of probation is available. U.S.S.G. § 5B1.1.

### D. Sentencing Ranges Available.

The United States' position with regard to an appropriate Guidelines sentence is detailed above.

### E. Pertinent Policy Statements.

The United States is unaware of any pertinent policy statements.

### F. Need to Avoid Sentence Disparity.

A sentence of imprisonment of three years probation with a special condition of two months home confinement is consistent with the sentencing range suggested by the Guidelines for similarly situated defendants.

### G. Restitution.

The United States does not seek restitution from this defendant.

## IV. SENTENCING RECOMMENDATION

A sentence of three years probation, with a special condition of two months home confinement, as well as a prohibition on hunting and trapping or accompanying anyone hunting and trapping anywhere in the United States, and a prohibition on guiding or outfitting hunters or anglers or assisting in the guiding and outfitting of hunters or anglers anywhere in the United States, and a $25

special assessment is a fair and just sentence.

RESPECTFULLY SUBMITTED this 12th day of April, 2006, at Anchorage, Alaska.

                              DEBORAH M. SMITH
                              Acting United States Attorney

                              s/Andrea Steward
                              Environment and Natural Resources Division
                              United States Department of Justice
                              PO Box 23985
                              L'enfant Plaza Station
                              Washington, DC 20026-3985
                              Phone: 202-305-0321
                              Email: aunnie.steward@usdoj.gov

**Certificate of Service**
I declare under penalty of perjury that a true and correct copy of the foregoing was sent to electronically to Rich Curtner, FPD on April 12, 2006:

 s/Andrea Steward
Office of the U.S. Attorney